**UNITED STATES of America**

v.

**William Harrison HERRELL.**

**Crim. Nos. 15674, 15675.**

United States District Court

E. D. Tennessee, N. D.

July 22, 1955.

John C. Crawford, Jr., U. S. Dist. Atty., Knoxville, Tenn., for plaintiff.

J. H. Doughty, Hodges & Doughty, Knoxville, Tenn., for defendant.

ROBERT L. TAYLOR, District Judge.

These cases were heard July 22, 1955, on defendant's petition to vacate sentence on the ground that he was mentally incompetent at the time he entered a plea of guilty June 29, 1954. For the reason that a material question of fact pertaining to a matter within the knowledge of the petitioner was raised, he was ordered to be produced. In conformity to the order, he was present at the hearing, which was held pursuant to 28 U.S.C. § 2255. Present at the hearing and heard on behalf of the Government was the Honorable James M. Meek, Assistant United States District Attorney, who conducted the cases for the prosecution when petitioner was arraigned and sentenced on June 29, 1954.

Prior to October 25, 1953, petitioner had been committed to the Eastern State Hospital at Knoxville, Tennessee, by State authorities. He escaped from that institution October 25, 1953. While at large he committed one of the offenses for which he was arraigned in this Court. Subsequent to that offense and while petitioner was in the custody of this Court, it was ordered by the Court on April 13, 1954, that the petitioner be placed in the custody of Eastern State Hospital. While in that custody he was under observation by members of the medical staff.

When petitioner was brought before the Court for arraignment on June 29, 1954, nothing appeared in his demeanor or behavior to raise any question in the mind of the Court as to his sanity. Mr. John H. Doughty, the very capable attorney who represented him, stated at the hearing on the petition that at the time of the arraignment he observed nothing which raised any question in his mind as to the petitioner's sanity. Two medical reports were made, one May 1, 1954, by Dr. George C. Strozier and the other on May 19, 1954, by Dr. A. Stanley Webster. Both of these reports indicated that petitioner was at the time of the reports mentally competent. His medical history indicated that a year or so prior to the reports petitioner had had what one doctor described as a "psychotic episode." Both reports conclude with the statement that as of the time of the reports petitioner showed no evidence of "psychotic ideation." At the hearing on the petition to vacate sentence, Mr. Meek, an official of long and competent experience, stated that he read both of the medical reports, talked with petitioner and reached the conclusion that no occasion existed for raising the question of mental competency to enter a plea in the two cases.

At the time of the arraignment neither the Assistant United States District Attorney nor the Court had any reasonable

cause, within the purview of 18 U.S.C. § 4244, to believe that petitioner was insane or otherwise so mentally incompetent as to be unable to understand the proceedings against him or to properly assist in his own defense. Between the dates of the two medical reports above referred to, the doctors who made the reports had other opportunities to observe the petitioner. They testified at the hearing on the petition that they did observe his conduct and that their observations as late as the latter part of May, or early in June, confirmed the opinions stated in their reports.

It is the Court's opinion that petitioner was mentally competent when he entered his plea of guilty and that the sentences imposed pursuant to that plea were, and are, valid.

Accordingly, an order will be prepared denying petitioner's motion to vacate sentence and ordering his return to the prison from which he was brought.